The opinion of the Court was delivered by ■
Toi)i), J.
The defendant is appellant from a sentence of five years imprisonment at hard labor in the penitentiary. He was indicted jointly with one Peter Johnson.
The indictment charges (quoting its language) as follows: That the accused “in the night time the outhouse appurtenant to the dwelling house of Mrs. Louise Theriot, and by her, the said Mrs. Louise Theriot, then occupied, feloniously and burglariously did break and enter with intent the goods and chattels of the said Mrs. Louise Theriot in said outhouse then being, then in the said, outhouse, feloniously and burglariously to steal, take and carry away, tbe said Peter Johnson and William Johnson, then in the said ontíiouse, of the goods and chattels of the said Mrs. Louise Theriot, two and one-half barrels of rice * * * then feloniously and burglariously did steal, take and carry away,” etc.
Both of the accused were arraigned, pleaded to tlie. indictment, but. the appellant alone was tried and convicted. It appears that when the case was fixed for trial, the defendant alone was present. Peter Johnson, the other accused, being sick and not able to attend, and on tlie day fixed the defendant was tried, as stated. When the case was called for trial, the defendant objected to tlie trial, on account of tlie absence, of tlie other party jointly charged with him, alleging that no severance *49 liad been ordered or granted by tbe court, and that without such severance he could not be tried separately. His objection was overruled and a bill of exceptions taken. Another bill was taken to the admission of evidence, showing that resistance was made by the defendant to the officers at the time of his arrest, whilst they were making search for the property alleged to have been stolen.
A motion was made to arrest the judgment on the ground of duplicity in the indictment., in charging the offenses of burglary and larceny in one count, which motion was overruled.
These several rulings constitute the alleged errors relied on to set aside the sentence and judgment appealed from:
First. It appears that the ease was fixed for trial as to the defendant, which virtually ordered a separate trial for him, without objection on his part, he and his counsel being present at the time. Were there any question in regard to the legality of such trial, this waiver on the part of the accused, or failure to object at the proper time, would have cured the irregularity. We do not, however, consider that the separate trial, under the circumstances shown, was illegal or unwarranted. R. S. 1870, Sec. 999 ; 1 Wharton Crim. Law, § 433; 7th Ed. Bishop’s Crim. Prac.; 3d Ed. 1018.
Second. Evidence was properly admitted to show that search for the stolen goods was resisted by the accused. Had the goods been found in the premises searched, occupied by the accused, it would have been a circumstance pointing to his guilt. If he resisted such search, the fact of such resistance favored the presumption that the stolen goods were on the premises and thus constituted a circumstance bearing on the question of his guilt.
It may be regarded as part of the res gestee, and was offered, not with a view to prove the party guilty of a different crime, but as a circumstance tending to show his guilt of the offense charged. Roscoe Crim. Evid., p. 90; 16 A. 376 ; 30 A. 601.
Third. Burglary at common law is defined as “a breaking and entering the mansion-house of another in the night with intent to commit some felony within the same, whether such felonious intent be executed or not.”
By statute it is equally a burglary, if the house entered is an outhouse appurtenant to the mansion. And it is for this offense the accused in this case is prosecuted. R. S. Sec. 852, 854. It is sufficient to charge the entering and breaking with a felonious intent, or intent to commit any of the crimes mentioned in the statute; but it is none the less burglary, if the intent is executed after the entering by the commission of larceny or other crime designed. The averment that such other crime was actually committed, does not vitiate or detract *50 from an indictment for burglary. And while the general rule is, that two distinct offenses cannot be joined in one count in an indictment, it is a well recognized exception to the rule, that burglary and larceny or other crime may be so charged without making the indictment amenable to duplicity.
On this point we quote from Bishop: “ If a man in the night time breaks and enters a dwelling house intending to steal therein, and there does steal, he may be punished for two offenses, or one, at the election of the prosecuting' power. If in a single count the indictment charges him with breaking, entering and stealing, his offense is single, being burglary in a particular manner.” Bishop Crim. Law, 1st Vol. § 1062, 6th Ed.; 11 N. H. 37; 3d Rawlee, 207; 7 S. and R. 491; 20 Pick. 356; Wharton Crim. Plead., 8th Ed. 244; lb. Crim. Law, 818, 819; State vs. Christian, 30 A. 367; State vs. Depass, 31 A. 489.
We have thus reviewed the rulings complained of and do not find the charges of error therein sustained, but, on the contrary, that the rulings are conformable to law and supported by ample authority.
The judgment and sentence are therefore affirmed, with costs.